## BOYD vs. WILLISTON.

*Twelfth Judicial District Court, August, 1857.*

PAROL EVIDENCE—ENDORSEMENT.

The holder of a promissory note, taking it after it became due, from the first endorser, cannot maintain an action upon it against a second endorser, whose name is on it.

Parol evidence is inadmissible in an action on the note, to prove any intention of the parties contrary to the legal effect of the instrument.

This was an action against defendant as endorser on a promissory note for $600, dated May 1st, 1856. The facts are that one Bonestell, being indebted to John Flint, proposed to give his promissory note, endorsed by Williston. The note was accordingly given, and endorsed by Williston, but by inadvertance, as alleged, was made payable to the order of Flint instead of Williston, and was endorsed by Flint first and Williston afterwards. After the note became due it was transferred by Flint to plaintiff.

An effort was made on the trial to explain the instrument, and to show that it was given to Flint in satisfaction of a debt, and that he did not endorse it in the regular commercial manner.

This evidence was ruled out.

*Janes, Lake & Boyd*, for plaintiff.

*Waller & Osborne*, for defendant.

NORTON, J., held that Flint was the first endorser, and could not, therefore, maintain an action on the note against Williston, who was the second endorser. The plaintiff, taking the note after it became due, was in no better position than Flint. Parol evidence is not admissible, *in an action on the note*, to prove that Williston intended to become first endorser.

Judgment for defendant.